# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| UMAYMAH MOHAMMAD,<br><br>*Plaintiff,*<br><br>v.<br><br>EMORY UNIVERSITY, *et al.*,<br><br>*Defendants*. | No. 1:25-cv-04321-AT |

## <u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Pursuant to <u>Federal Rule of Civil Procedure 15(a)</u>, Local Rule 15.1, and the parties' Joint Motion for Entry of Stipulated Order (<u>Dkt. 8</u>), Plaintiff respectfully moves for leave to file her First Amended Complaint. In support of this Motion, Plaintiff states as follows:

1. On August 4, 2025, Plaintiff filed this action alleging civil rights and contract violations related to Emory University's disciplinary proceedings (<u>Dkt.1</u>). Because Plaintiff did not yet have complete information about each defendant's involvement, the original complaint included unnecessary parties and did not specify which claims applied to which defendants.

2. At the time of filing, Plaintiff lacked sufficient information about the roles and responsibilities of each defendant in the alleged violations. This prevented

2

her from tailoring specific counts to the appropriate defendants and risked hindering efficient litigation.

3. Following the initiation of the meet-and-confer process after the filing of the Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction on August 8, 2025, the Plaintiff developed a clearer understanding of the proper party structure. She successfully identified the necessary defendants for each claim and determined which parties could be dismissed as unnecessary.

4. The proposed First Amended Complaint eliminates unnecessary parties and clarifies which counts apply to each remaining defendant. This clarification simplifies the litigation process and helps ensure that each defendant is only liable for the claims relevant to them. A copy of the proposed pleading is attached as Exhibit "A."

5. Rule 15 favors resolution of claims on the merits rather than procedural technicalities. The Eleventh Circuit permits denial of leave to amend only in limited circumstances: "undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed;" undue prejudice; or futility. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of those factors are

present here. The amendment clarifies the pleadings, narrows the parties, and simplifies the litigation, benefiting both the Court and the parties.

6. This motion is timely. According to the parties' Joint Motion for Entry of Stipulated Order and the agreed-upon case management timeline, the Plaintiff was permitted to amend her complaint by August 18, 2025. This amendment is therefore consistent with the scheduling process jointly approved by all parties.

7. The amendment will neither prejudice Defendants nor prove futile. Defendants are already on notice of the claims, and the amendment merely clarifies and narrows those claims. By reducing the number of defendants and aligning each count with the proper parties, it streamlines the litigation, reduces potential liability, and ensures claims are directed at the appropriate defendants.

8. The parties also expressly agreed to this amendment in their Joint Motion for Entry of Stipulated Order, confirming their good faith and efficiency. Accordingly, leave to amend should be granted under Rule 15 and Eleventh Circuit precedent.

**WHEREFORE**, Plaintiff respectfully asks that the Court grant Plaintiff leave to file her First Amended Complaint and for such other relief as the Court deems just and proper.

Respectfully submitted this 18th day of August 2025.


/s/ Keon N. Grant
Keon Nicholas Grant
Georgia Bar No. 946800
Aaron Edward Butler
Georgia Bar No. 722335
**Council on American-Islamic
Relations – Georgia**
P.O. Box 956263
Duluth, GA 30095
Telephone: 470.604.7877
kgrant@cair.com
abutler@cair.com

/s/ Jonathan Wallace
Jonathan Wallace
*Pro Hac Vice Forthcoming*
New York Bar No. 1733757
P.O. Box #728
Amagansett, NY 11930
Telephone: 917.359.6234
jonathan.wallace80@gmail.com


*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| UMAYMAH MOHAMMAD,<br><br>*Plaintiff*,<br><br>v.<br><br>EMORY UNIVERSITY, *et al.*,<br><br>*Defendants*. | No. 1:25-cv-04321-AT |

## <u>CERTIFICATE OF SERVICE</u>

I, Keon Grant, hereby certify that on August 18, 2025, I electronically filed the

foregoing document and that it is available for viewing and downloading from the

Court's CM/ECF system, and that all participants in the case are registered

CM/ECF users and that service will be accomplished by the CM/ECF system.

   Respectfully submitted on this 18th day of August, 2025

/s/ Keon N. Grant
Keon Nicholas Grant
Georgia Bar No. 946800
Aaron Edward Butler
Georgia Bar No. 722335
**Council on American-Islamic Relations – Georgia**
P.O. Box 956263
Duluth, GA 30095
Telephone: 470.604.7877
kgrant@cair.com
abutler@cair.com

/s/ Jonathan Wallace
Jonathan Wallace
*Pro Hac Vice Forthcoming*
New York Bar No. 1733757
P.O. Box #728
Amagansett, NY 11930
Telephone: 917.359.6234
jonathan.wallace80@gmail.com

*Counsel for Plaintiff*

/s/ Keon N. Grant
Keon Nicholas Grant
Georgia Bar No. 946800
Aaron Edward Butler
Georgia Bar No. 722335
**Council on American-Islamic**
**Relations – Georgia**
P.O. Box 956263
Duluth, GA 30095
Telephone: 470.604.7877
kgrant@cair.com
abutler@cair.com

/s/ Jonathan Wallace
Jonathan Wallace
*Pro Hac Vice Forthcoming*
New York Bar No. 1733757
P.O. Box #728
Amagansett, NY 11930
Telephone: 917.359.6234
jonathan.wallace80@gmail.com

*Counsel for Plaintiff*