IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UMAYMAH MOHAMMAD,  Plaintiff,  v.  EMORY UNIVERSITY, *et al.*,  Defendants. | CIVIL ACTION NO. 1:25-CV-4321-AT |

## **ORDER**

This matter comes before the Court on the parties' Joint Motion for Entry of Stipulated Order Regarding Plaintiff's Complaint and Motion for Temporary Restraining Order. [Doc. 8]. The parties have agreed that Plaintiff's Emergency Motion for Temporary Restraining Order ("TRO") and/or Preliminary Injunction [Doc. 4] should be construed by the Court as a motion for preliminary injunction, without the attendant request for an emergency TRO hearing. [Doc. 8 at 1-2]. This agreement comes as a result of Defendants' agreed upon commitment not to issue findings or sanctions related to the underlying (and ongoing) disciplinary proceeding against Plaintiff until either after the Court has ruled on Plaintiff's motion, or December 1, 2025, whichever is earlier. [*Id.* at 2]. The parties have also proposed a briefing schedule for the Motion for Preliminary Injunction. [*Id.*].

Upon due consideration, the Joint Motion [Doc. 8] is **GRANTED**. Plaintiff's Motion [Doc. 4] shall be treated as a Motion for Preliminary Injunction. In accordance with the parties' agreement, Plaintiff's requests for an emergency temporary restraining order and for an expedited hearing contained in the motion are **DENIED** without prejudice **as moot**.

It is further **ORDERED** that:

1) Defendant's Response in opposition to the Motion for Preliminary Injunction must be filed no later than **August 29, 2025**;

2) Plaintiff's Reply must be filed no later than **September 15, 2025;**

3) The Court will hold a hearing on Plaintiff's Motion for Preliminary Injunction [Doc. 4] on **October 2, 2025 at 2:00 p.m.** in ATLA Courtroom 2308.[1]

Depending on whether the parties intend to present witness testimony and the volume of evidence they anticipate presenting at the hearing, **the Court may reschedule the hearing to begin earlier in the day.** To assist the Court in preparing for and scheduling the hearing, no later than **September 26, 2025**, counsel for the parties must send an email to the Courtroom Deputy Clerk, Keri Gardner, at keri_gardner@gand.uscourts.gov, to provide the Court with copies of

---

[1] The Court recognizes that the parties requested a conference to set the hearing "following the clos[e] of briefing." [Doc. 8 at 2]. However, due to the Court's strictly limited availability in the coming weeks, the Court finds it prudent to set the motion for hearing on its calendar without delay.

2

their respective exhibit lists. If any party plans to call witnesses at the hearing, counsel must also provide Ms. Gardner with a copy of that party's proposed witness list in the same email.

The parties are further **ORDERED** to lodge any exhibits that they plan to present at the hearing on the docket by the same deadline of **September 26, 2025** for the Court's review. When lodging their proposed exhibits, the parties are permitted to incorporate by reference any previously filed documents or exhibits without re-filing them.

In addition to sending the required email described above, the parties should be prepared to provide the Courtroom Deputy Clerk with three (3) hard copies of their respective exhibit and witness lists at the start of the hearing for use by the Judge, Court Reporter, and Courtroom Deputy Clerk. Each party should also provide a courtesy copy of all exhibits for the Judge's use during the hearing, preferably in an appropriately labeled notebook. The parties are referred to Local Rule 16.4(B)(19)(b), NDGa, concerning the pre-marking of exhibits.

Any training or trial runs regarding the courtroom technology must be scheduled in advance of the hearing via the Courtroom Deputy Clerk. Any motions requesting leave to bring technology into the courtroom must be filed no later than three (3) days in advance of the hearing, to allow time for proper notification to the US Marshals Service.

Finally, as part of the parties' agreement, Plaintiff has moved to amend her complaint in order to remove unnecessary parties and to clarify which counts are being brought against which Defendants. [*See* Doc. 8 at 2 (describing the parties' agreement); Doc. 10 (Plaintiff's Motion for Leave to File Amended Complaint)]. However, obtaining leave of court to amend the complaint is unnecessary. Plaintiff may amend her complaint as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Plaintiff served her existing Complaint on August 4, 2025. (Doc. 1 at 58). Therefore, Plaintiff is permitted to file her proposed Amended Complaint as a matter of course. The Motion for Leave to File Amended Complaint [Doc. 10] is accordingly **DENIED as moot**.

The Clerk is **DIRECTED** to docket Plaintiff's proposed amended complaint (Doc. 10-1) as a separate document entitled "First Amended Complaint."

**IT IS SO ORDERED** this 19th day of August, 2025.

_____
**Honorable Amy Totenberg**
**United States District Judge**